EXECUTION COPY

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, AND B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-09185-CM-KNF |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated August 20, 2018 (the "Stipulation" or "Settlement"), is made and entered into by and among (i) Benjamin Michael Merryman, Amy Whitaker Merryman Trust, and B Merryman and A Merryman 4th Generation Remainder Trust (collectively, the "Named Plaintiffs") and Chester County Employees Retirement Fund and Stephen Hildreth (the "Proposed Intervenors" and, together with Named Plaintiffs, the "Plaintiffs"), on behalf of themselves and each Class Member (as defined below), by and through their counsel, and (ii) Citibank N.A. (the "Defendant," or "Depositary"), by and through its counsel, and is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The Settlement is intended by Plaintiffs and Defendant (together, the "Parties") to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the above-captioned action (the "Litigation"), all Released Claims (as defined below), and all Released

Defendant Claims (as defined below) as against all Released Parties (as defined below), upon and subject to the terms and conditions stated in this Stipulation and final approval of the Court.

**WHEREAS**:

A.      All terms with initial capitalization shall have the meanings ascribed to them in ¶ 1 below or as otherwise defined herein.

B.      On June 2, 2015, the Named Plaintiffs filed a complaint in the action captioned *Merryman et al. v. Citigroup, Inc. et al.*, 15-cv-05129-TLB (W.D. Ark.) (the "Arkansas Complaint") asserting claims against Citigroup Inc., Citibank, N.A. and Citigroup Global Markets Inc. (collectively, the "Citi Defendants"). The Arkansas Complaint asserted claims for breach of contract, breach of implied covenant of good faith and fair dealing and conversion.

C.      On July 10, 2015, the Citi Defendants moved to dismiss, or, in the alternative, to transfer the Arkansas Complaint to the Southern District of New York. The Named Plaintiffs opposed the motion on September 4, 2015.

D.      On November 19, 2015, the court granted the Citi Defendants' motion to dismiss the Arkansas Complaint without prejudice on the grounds that the court lacked personal jurisdiction over the Citi Defendants.

E.      On November 20, 2015, Named Plaintiffs filed the initial complaint in the Litigation (i.e., the "Class Action Complaint") asserting claims against the Citi Defendants. Specifically, the Class Action Complaint asserted claims for breach of contract and breach of implied covenant of good faith and fair dealing against Citibank, N.A. and claims for conversion against all of the Citi Defendants.

F.      On December 28, 2015, the Citi Defendants moved to dismiss the Class Action Complaint with prejudice pursuant to the Securities Litigation Uniform Standards Act of 1998, 15

2

U.S.C. § 78bb(f)(1), or Rules 8(a), 12(b)(1), and/or 12(b)(6) of the Federal Rules of Civil Procedure. Named Plaintiffs opposed the motion on January 11, 2016. The Citi Defendants filed a reply in support of their motion to dismiss on January 19, 2016.

G.    On August 15, 2016, the Court entered its Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "MTD Order"). Specifically, the Court: (i) denied the motion as to Count I finding that Named Plaintiffs stated a claim for breach of contract and (ii) granted the motion, with prejudice, as to Counts II and III, dismissing Named Plaintiffs' claim for breach of implied duty of good faith claim as duplicative and their claim for conversion for failure to state a claim on which relief may be granted.[1] By the MTD Order, the Court also (i) denied the motion, without prejudice to renewal, as to all claims asserted for the period prior to November 20, 2010, (ii) denied the Citi Defendants' claim that the breach of contract claim was barred under SLUSA, and (iii) granted the motion with respect to Named Plaintiffs' claims for punitive damages.

H.    The Depositary answered the Class Action Complaint on August 30, 2016.

I.    Thereafter, on October 7, 2016, the Depositary filed a motion seeking an order certifying the Court's MTD Order for interlocutory appeal and a partial stay of discovery related to ADRs other than those held by Named Plaintiffs and/or events prior to November 20, 2010. Named Plaintiffs opposed the Depositary's motion on October 21, 2016 and the Depositary filed its reply in support of its motion on October 28, 2016.

J.    On January 6, 2017, the Court entered its Memorandum Decision and Order Denying Defendants' Motion for Certification of an Interlocutory Appeal and to Stay Discovery

---

[1] With the Court's dismissal of Counts II and III, Citigroup Inc. and Citigroup Global Markets Inc. were dismissed from the Litigation.

and ordered the parties to submit a schedule for discovery. Thereafter, Named Plaintiffs and the Depositary commenced discovery, which included Defendant producing over 81,000 pages of documents, Named Plaintiffs producing over 2,500 pages of documents, the production of over 18,000 pages of documents from third parties, 13 depositions and the exchange of expert reports.

K.      On June 30, 2017, Named Plaintiffs moved the Court for certification of the class, which the Depositary opposed on August 17, 2017.  Named Plaintiffs filed a reply in further support of their motion on September 15, 2017, as well as a motion to exclude the Depositary's reliance on the declaration of Scott Pollak, the Depositary's Rule 30(b)(6) designee.  On November 3, 2017, the Depositary filed a motion to preclude the proposed testimony of Named Plaintiffs' expert G. William Brown, Jr.  These motions were fully briefed.

L.      On March 22, 2018, the Court entered its Decision and Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification ("Class Certification Order"), certifying a class limited only to the three Depositary-sponsored ADRs personally owned by Named Plaintiffs.  Also by its Class Certification Order, the Court found that Named Plaintiffs could not bring claims for injunctive relief, as no Named Plaintiff continued to hold these three Depositary-sponsored ADRs.

M.      In response to the Court's Class Certification Order, Chester County Employees Retirement Fund and Stephen Hildreth, owning 21 of the 35 ADRs covered by Named Plaintiffs' original proposed class definition, filed a motion to intervene in the Litigation on May 9, 2018. The Proposed Intervenors also continue to hold Depositary-sponsored ADRs.  The Depositary opposed the Proposed Intervenors' motion on May 23, 2018, and the Proposed Intervenors filed a reply in further support of their motion on May 31, 2018.

N.      During these efforts, counsel for Named Plaintiffs and counsel for the Depositary had begun discussing the possibility of resolving the Litigation.  Following hard-fought, arm's-length negotiations spanning the course of several months, the Parties reached an agreement-in-principle to settle the Litigation and informed the Court of this agreement on June 6, 2018.  Thereafter, the Parties negotiated a term sheet setting forth the material terms of their agreement, which was executed on June 26, 2018.

O.      This Stipulation constitutes a compromise of matters that are in dispute between Plaintiffs and Defendant.  Defendant is entering into this Stipulation to eliminate the uncertainty, burden, and expense of further protracted litigation.  Defendant denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendant with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendant has, or could have, asserted.  Defendant expressly denies that Plaintiffs have asserted any valid claims as to it or any third parties, and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever against it or any third parties.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of Defendant's defenses to liability had any merit.  Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interest of Plaintiffs and the other Class Members.  Moreover, each of the Parties recognizes and acknowledges that the Litigation has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendant in good faith, that the Litigation is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

**NOW THEREFORE**, without any admission or concession whatsoever on the part of Plaintiffs or any Class Member regarding any lack of merit of the claims in the Litigation, and without any admission or concession whatsoever on the part of Defendant of any liability or wrongdoing or lack of merit of its defenses in the Litigation, it is hereby **STIPULATED AND AGREED**, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and other conditions set forth herein, in consideration of the benefits flowing to the Parties from the Settlement, that the Litigation, all Released Claims (as defined below), and all Released Defendant Claims (as defined below) shall be fully, finally, and forever compromised, settled, released, resolved, discharged, and dismissed with prejudice against the Released Parties (as defined below), upon and subject to the following terms and conditions:

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached to this Stipulation and made a part of it, the following terms shall have the meanings specified below:

(a) "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of the Order and Final Judgment provided for in this Stipulation that is acceptable to the Parties in their sole and absolute discretion.

(b) "Authorized Recipient" means a Damages Class Member who is approved for payment from the Net Settlement Fund.

(c) "Claim" means a Damages Class Member's potential claim to a payment from the Net Settlement Fund.

(d) "Claim Amount" means the amount to be paid, in accordance with the Plan of Allocation, out of the Net Settlement Fund, to each: (i) Registered Holder Damages Class Member who is determined to be an Authorized Recipient; and (ii) Non-Registered Holder

Damages Class Member that submits a valid Claim Form and is determined to be an Authorized Recipient.

(e)        "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached to this Stipulation as Exhibit A-3, which a Non-Registered Holder Damages Class Member must complete and submit to the Claims Administrator should that Non-Registered Holder Damages Class Member seek to receive a payment from the Net Settlement Fund.

(f)        "Claimant" means a Non-Registered Holder Damages Class Member that submits a Claim Form to the Claims Administrator seeking to be eligible to receive a payment from the Net Settlement Fund.

(g)        "Claims Administrator" means the firm retained by Lead Counsel on behalf of the Class, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)        "Class" means all persons or entities (1) who received cash distributions from the Depositary-sponsored ADRs listed in Appendix 1 hereto from January 1, 2006 to the date of the Court's order preliminarily approving the Settlement, inclusive, and who were damaged thereby (the "Damages Class"); and/or (2) who currently own the Depositary-sponsored ADRs listed in Appendix 1 hereto (the "Current Holder Class" and, together with the Damages Class, the "Class").  The Depositary and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded) are excluded from the Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in the ADRs listed in Appendix 1 hereto and not to the extent that they have held the ADRs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the

definition of the Class.  Also excluded from the Class are any persons and entities who or which exclude themselves from the Class by submitting a request for exclusion that is accepted by the Court.

(i)       "Class Members" means the members of the Current Holder Class and the Damages Class.

(j)       "Class Period" means the period from January 1, 2006 to the date of the Court's order preliminarily approving the Settlement, inclusive.

(k)       "Court" means the United States District Court for the Southern District of New York.

(l)       "Current Holder Class" means all persons or entities who currently own the Depositary-sponsored ADRs listed in Appendix 1 hereto.  The Depositary and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded) are excluded from the Current Holder Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in the ADRs listed in Appendix 1 hereto and not to the extent that they have held the ADRs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Current Holder Class.  Also excluded from the Current Holder Class are any persons and entities who or which exclude themselves from the Class by submitting a request for exclusion that is accepted by the Court.

(m)       "Current Holder Class Member" means a person or entity who is a member of the Current Holder Class.

(n)       "Damages Class" means all persons or entities who received cash distributions from the Depositary-sponsored ADRs listed in Appendix 1 hereto from January 1,

2006 to the date of the Court's order preliminarily approving the Settlement, inclusive, and who were damaged thereby.  The Depositary and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded) are excluded from the Damages Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in the ADRs listed in Appendix 1 hereto and not to the extent that they have held the ADRs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Damages Class.  Also excluded from the Damages Class are any persons and entities who or which exclude themselves from the Class by submitting a request for exclusion that is accepted by the Court.

(o)        "Damages Class Member" means a person or entity who is a member of the Damages Class.

(p)        "Defendant" or "Depositary" means Citibank N.A.

(q)        "Defendant Released Parties" means the Depositary and its affiliates, officers, directors and employees.

(r)        "Defendant's Counsel" means the law firm of Milbank, Tweed, Hadley & McCloy LLP.

(s)        "Distribution Order" means the order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, if the Effective Date has occurred, in whole or in part, to Authorized Recipients.

(t)        "Effective Date" means the first date by which all of the conditions set forth in ¶ 42 below have occurred.

(u)        "Escrow Account" means an account maintained by the Escrow Agent, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(v)        "Escrow Agent" means the Huntington National Bank.

(w)        "Final," when referring to the Order and Final Judgment or any Alternative Judgment, means, (i) in the event that the Court enters the Order and Final Judgment, the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by *certiorari* or otherwise, and the time for any petition for reargument, appeal, or review, by *certiorari* or otherwise, has expired, or (ii) in the event that the Court enters an Alternative Judgment and neither Plaintiffs nor Defendant elect to terminate the Settlement in its entirety, the date that such Alternative Judgment is no longer subject to appeal or review by *certiorari* or otherwise, and the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired, *provided, however*, that, as to both (i) and (ii) above, any disputes or appeals relating solely to the amount, payment, or allocation of attorneys' fees and Litigation Expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment or an Alternative Judgment becomes Final.

(x)        "Final Approval Hearing" or "Settlement Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(y)        "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law,

brothers-in-law and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, wife, or partner in a state-recognized domestic relationship or civil union.

(z)      "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which the Depositary has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity.

(aa)      "Lead Counsel" means the law firm of Kessler Topaz Meltzer & Check, LLP.

(bb)      "Litigation" means the actioned captioned *Merryman et al. v. Citigroup, Inc. et al.*, 15-cv-09185-CM-KNF.

(cc)      "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' counsel in connection with commencing and prosecuting the Litigation, and may also include the costs and expenses of Plaintiffs directly related to their functions as named plaintiffs in the Litigation (i.e., "Service Awards"), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(dd)      "Named Plaintiffs" means Benjamin Michael Merryman, Amy Whitaker Merryman Trust, and B Merryman and A Merryman 4th Generation Remainder Trust.

(ee)      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

(ff)        "Non-Registered Holder Damages Class Member" means a Damages Class Member who holds (or held) their eligible ADRs through a bank, broker or other nominee and is not listed on the records of the Depositary's transfer agent.

(gg)        "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Class.

(hh)        "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with providing notice to the Class and administering the Settlement.

(ii)        "Order and Final Judgment" means the order of final judgment to be entered in the Litigation, substantially in the form attached hereto as Exhibit B.

(jj)        "Parties" means Plaintiffs, on behalf of themselves and each Class Member, and Defendant.

(kk)        "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity, as well as each of their spouses, domestic partners, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assigns.

(ll)        "Plaintiff Released Parties" means Plaintiffs.

(mm)     "Plaintiffs" means Benjamin Michael Merryman, Amy Whitaker Merryman Trust, B Merryman and A Merryman 4th Generation Remainder Trust, Chester County Employees Retirement Fund and Stephen Hildreth.

(nn)     "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Recipients, which, subject to approval of the Court, shall be substantially in the form described in the Notice.

(oo)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court, preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(pp)     "Proposed Intervenors" means Chester County Employees Retirement Fund and Stephen Hildreth.

(qq)     "Registered Holder Damages Class Member" means a Damages Class Member who holds (or held) their eligible ADRs directly and is listed on the records of the Depositary's transfer agent.  The Depositary Trust Company ("DTC"), also known as Cede and Company, is excluded from the definition of "Registered Holder Damages Class Member."

(rr)     "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown (i.e., "Unknown Claims" as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that (a) Plaintiffs or any other member of the Class have asserted in any complaint filed in the Litigation ("Complaints") or (b) Plaintiffs or any other member of the Class could have asserted in any forum that arise out of or are based upon the allegations set forth in the Complaints including claims related to all Depositary-sponsored ADRs.  "Released Claims" do not include claims arising

out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

(ss)     "Released Defendant Claims" means all claims and causes of action of every nature and description, whether known or unknown (i.e., "Unknown Claims" as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendant.  "Released Defendant Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

(tt)     "Released Parties" means the Defendant Released Parties and the Plaintiff Released Parties.

(uu)     "Releases" means the releases set forth in ¶¶ 6-10 of this Stipulation.

(vv)     "Settlement" means this Stipulation and Agreement of Settlement and the Settlement contained herein.

(ww)     "Settlement Amount" means fourteen million seven hundred and fifty thousand dollars ($14,750,000.00) to be paid by or on behalf of the Depositary into the Escrow Account.

(xx)     "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(yy)     "Stipulation" means this Stipulation and Agreement of Settlement.

(zz)     "Summary Notice" means the notice, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

(aaa)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(bbb)    "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(ccc)    "Term Sheet" means the confidential term sheet memorializing the Parties' agreement-in-principle to settle the Litigation, executed on June 26, 2018.

(ddd)    "Unknown Claims" means any and all claims that any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, and any and all claims that Defendant does not know or suspect to exist in its favor at the time of the release of the Released Defendant Claims, which if known to him, her or it might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, his, her or its decision to object or not to object to the Settlement or not to exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date, each of the Plaintiffs and Defendant shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of the Order and Final Judgment or any Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if

known by him or her must have materially affected his or her settlement with the debtor.

Any Plaintiff or Class Member may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each of the Plaintiffs shall expressly, fully, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Order and Final Judgment or any Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspect or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which have existed or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendant acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(eee)     "Validation Letter" means the letter, substantially in the form attached hereto as Exhibit A-4, to be mailed to the Registered Holder Damages Class Members, along with the Notice, setting forth information regarding the total amount of cash distributions they received for each eligible ADR they held per year during the relevant time period as set forth on the records of the Depositary's transfer agent.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement and the scheduling of the Final Approval Hearing, which motion shall

16

be unopposed by Defendant. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendant shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  The Parties shall request that the Final Approval Hearing be scheduled for a date at least 131 days from the date of the Court's entry of the Preliminary Approval Order.

3.     The Parties also agree that concurrently with the submission of the Settlement to the Court for preliminary approval, the Proposed Intervenors shall move the Court for permission to intervene solely for the purpose of seeking approval of the Settlement, which motion shall be unopposed by Defendant.

## CERTIFICATION OF THE CLASS

4.     Solely for purposes of effectuating the Settlement and for no other purpose, the Parties stipulate and agree to: (i) certification of the Class pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiffs as representatives for the Class; and (iii) appointment of Lead Counsel as counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.     In the event the Settlement is terminated, or the Effective Date for any reason does not occur, certification of the Class shall be nullified and voided, the Litigation shall proceed as though the Class had never been certified and the Proposed Intervenors' Motion was not granted, and none of the Parties or any other Person shall suggest in the Litigation that any inference of any kind should be drawn from the Class proposed in the Settlement.

## RELEASE OF CLAIMS

6.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Litigation as against Defendant; and (ii) the Releases provided for herein.

17

7.      Pursuant to the Order and Final Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each member of the Class, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against any of the Defendant Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Defendant Released Parties.

8.      Pursuant to the Order and Final Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each member of the Class, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Unaffiliated Conversion Providers and any Issuer (as those terms are defined below in ¶ 13(a), (d)), as well as their respective affiliates, officers, directors and employees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Unaffiliated Conversion Providers and any Issuer, as well as their respective affiliates, officers, directors and employees.

9.      Pursuant to the Order and Final Judgment, or Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendant shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever

compromised, settled, released, resolved, relinquished, waived and discharged each and every

Released Defendant Claim against the Plaintiff Released Parties, and shall forever be barred and

enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff

Released Parties.

10.     Notwithstanding ¶¶ 7-9 above, nothing in the Order and Final Judgment, or the

Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or

effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

### THE SETTLEMENT CONSIDERATION

11.     Settlement Amount:  In consideration of the terms of the Settlement, Defendant

shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than ten (10)

days after preliminary approval of the Settlement by the Court; or (ii) Lead Counsel providing all

paperwork reasonably requested by the Depositary to process the payment (including but not

limited to wire instructions and a W-9).  Other than the obligation of Defendant to pay or cause to

be paid the Settlement Amount into the Escrow Account as provided for herein, and to bear all

costs associated with providing, as set forth in ¶ 51 below: (i) notice of the Settlement pursuant to

the Class Action Fairness Act ("CAFA") and (ii) notice of the Additional Settlement Relief

described in ¶ 13 below to the Current Holder Class, Defendant shall have no obligation to make

any other payment pursuant to this Stipulation.  The interest earned on the Settlement Fund shall

be for the benefit of the Class.

12.     This Settlement is not a claims-made settlement; there will be no reversion.  As of

the Effective Date, neither the Depositary nor any other Person who paid any portion of the funds

in the Escrow Account, shall have any right to the return of the Net Settlement Fund or any portion

thereof irrespective of the number of Claims, the collective amount of losses of Authorized

Recipients, the percentage of recovery of losses, or the amounts to be paid to Authorized Recipients from the Net Settlement Fund.

13.     <u>Additional Settlement Relief</u>:  In addition to the Settlement Amount, Defendant has agreed to the following additional relief:

(a)     <u>Definitions</u>:  As used in this ¶ 13, the following terms shall have the meanings set forth below:

- "**Conversion Provider**" refers to any entity, division, or business unit affiliated with the Depositary that converts or causes to be converted cash distributions on behalf of the Depositary.  A Conversion Provider may transact with an affiliated market-making desk, *e.g.*, CitiFX, when conducting a Conversion, and that desk is entitled to make a profit on any such transactions without regard to any provision of this agreement.

- "**Conversion**" refers to the conversion of foreign currency of any cash distribution paid by any Depositary-sponsored ADR issuer ("Issuer") pursuant to a Deposit Agreement.  Conversions may be executed in multiple subparts.

(b)     <u>Conversion Charge</u>:  Defendant agrees that it and its Conversion Providers shall charge no more than 20 (twenty) basis points for any Conversion.

(c)     <u>Right to Modify the Conversion Charge</u>:  Notwithstanding ¶ 13(b), Defendant and an Issuer may agree to modify the Conversion Charge set forth in this agreement, as required by the relevant depositary agreement and any applicable SEC rules.

(d)     <u>Conversion by Unaffiliated Entities and Issuers</u>:  Notwithstanding ¶ 13(b) and the capabilities of the Depositary or its Conversion Providers to enter into a Conversion, it is agreed that (i) Conversions may be managed and executed by unaffiliated local custodians or third-parties ("Unaffiliated Conversion Providers"), and, for such Conversions, the foreign exchange rate applied by the Unaffiliated Conversion Providers will be the rate given to ADR holders; and (ii) Conversions may be managed at the discretion of

20

the Issuer, meaning the Issuer may: (a) convert foreign currency independent of the Depositary and/or its Conversion Providers; and/or (b) provide dividends or cash to the Depositary in US dollars at a conversion rate determined by the Issuer.

(e)    Multiple Days and Transactions:   It is expressly agreed that the Depositary, or its Conversion Providers, may execute Conversions through multiple transactions, or over multiple days.

## USE OF THE SETTLEMENT FUND

14.    The Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  The balance remaining in the Settlement Fund, i.e., the Net Settlement Fund, shall be distributed to Authorized Recipients.  As provided below, after (i) the Order and Final Judgment becomes Final and (ii) the Court enters the Distribution Order, the Net Settlement Fund will be distributed to Authorized Recipients in accordance with the terms of such Distribution Order and the plan of allocation approved by the Court.

15.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written instruction of Lead Counsel, the Escrow Agent shall invest the Settlement Amount exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow

Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

16.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 17 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund.  Upon written request, Defendant will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

17.     All Taxes and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be timely paid out of the Escrow Account without prior order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be

consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Stipulation. The Defendant Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses, and shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents, as described herein.

18.     Prior to the Effective Date, Lead Counsel may pay from the Escrow Account actually incurred Notice and Administration Costs without further order of the Court or approval by Defendant. Such costs and expenses shall include, without limitation, the actual costs of publication, printing, and mailing the Notice and the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members, reviewing Claims and processing submitted Claim Forms, the reasonable fees, if any, of the Escrow Agent for the Settlement Fund, and the actual costs, if any, of acquiring lists of registered holders and associated information from Computershare, Inc. ("Computershare") as provided by ¶ 25 below. In the event that the Effective Date for any reason does not occur, money paid or incurred for this purpose, including any related fees, shall not be returned or repaid to the Depositary or any other Person that caused payments to be made into the Escrow Account. All Notice and Administration Costs shall be paid out of the Settlement Amount and in no circumstances shall Defendant be required to pay any amount above the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel, on behalf of Plaintiffs' counsel, will apply to the Court for an award of attorneys' fees to be paid from the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses (which may include Service Awards to Plaintiffs), to be paid from the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendant and Plaintiffs other than what is set forth in this Stipulation.

20.     Attorneys' fees and expenses of Lead Counsel, and Service Awards, as awarded by the Court, shall be paid from the Escrow Account immediately upon award by the Court, notwithstanding any objections or appeals of the Settlement or the fee and expense award.  If the Settlement is terminated pursuant to the terms of this Stipulation or, if as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or expenses is reduced or reversed, Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) days after: (a) receiving notice of a termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or expenses becoming Final.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the Action.  All of Plaintiffs' counsel's attorneys' fees and expenses shall be paid out of the Settlement Amount and in no circumstances shall Defendant be required to pay an amount above the Settlement Amount.  Defendant shall have no obligation, responsibility, or liability with respect to any allocation of attorneys' fees or expenses amongst Plaintiffs' counsel.

21.     The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards).  Any order or proceedings relating to such motion, or any

appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Defendant Claims.  The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and Litigation Expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation and Plaintiffs shall request that attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.

## THE PROPOSED PLAN OF ALLOCATION

22.     The Plan of Allocation, appended to the Notice attached hereto as Exhibit A-1, is the plan being proposed by Plaintiffs, subject to Court approval.  Plaintiffs will consult with Defendant in good faith prior to the time the Plan of Allocation is finalized, however, the consent of Defendant to the Plan of Allocation shall not be required, and Defendant shall not object to the Plan of Allocation.  In no case shall the Plan of Allocation result in the payment of more than 100% of a Damages Class Member's alleged damages (inclusive of alleged interest), as calculated by G. William Brown, Jr. in his expert report dated June 30, 2017 (the "Calculated Damages"). To the extent the Plan of Allocation would result in the payment of more than 100% of a Damages Class Member's Calculated Damages, any amount in excess of 100% of the Calculated Damages (the "Excess Amount") shall be reallocated to other Authorized Recipients.  To the extent all Authorized Recipients have received 100% of their Calculated Damages, any Excess Amount shall be contributed to a nonsectarian charitable organization selected by the Court upon application by the Parties.

23.     The allocation of the Net Settlement Fund among Authorized Recipients is a matter separate and apart from the proposed Settlement between the Parties.  Any decision by the Court

concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.  It is not a condition of the Settlement that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Litigation.  There shall be no distribution of any of the Settlement Fund to any Class Member until a plan of allocation is approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## NOTICE AND SETTLEMENT ADMINISTRATION

24.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the Claims Administrator.  The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Defendant and the other Defendant Released Parties shall have no responsibility whatsoever for the selection of the Claims Administrator, the administration of the Settlement or the disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person, including, but not limited to, the Class Members, in connection with the foregoing.

25.     The Depositary agrees to use its best efforts to obtain from Computershare: (i) a list of the registered holders of the ADRs listed in Appendix 1 hereto who received cash distributions from January 1, 2006 to the date of the Court's order preliminarily approving the Settlement, the annual U.S. Dollar amount each registered holder received from cash distributions per-ADR and each registered holder's last known address; and (ii) a list of all current registered holders of the ADRs listed in Appendix 1 hereto and each registered holder's last known address.

The actual costs, if any, of acquiring these lists from Computershare shall be paid from the Settlement Fund.

26.     In accordance with the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form (or the Notice and Validation Letter, substantially in the form attached hereto as Exhibit A-2, in the case of Registered Holder Damages Class Members) to those members of the Class who are listed on the records of the Depositary's transfer agent(s) or are otherwise identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to publish the Summary Notice in accordance with the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.

27.     Specifically, for Damages Class Members whose contact information and relevant information regarding ADRs held and cash distributions received is provided in the Depositary's transfer agent records (i.e., Registered Holder Damages Class Members), the Claims Administrator will mail a copy of the Notice, along with a Validation Letter setting forth the Damages Class Member's information for purposes of calculating their Claim (as provided in the Depositary's transfer agent records).  Notwithstanding the foregoing, a Validation Letter will not be sent to DTC.  For Damages Class Members who are not included on the Depositary's transfer agent records but rather hold (or held) their eligible securities through a bank, broker or other nominee (i.e., Non-Registered Holder Damages Class Members), the Claims Administrator will mail a copy of the Notice and Claim Form, and the Non-Registered Holder Damages Class Members will be required to submit a valid Claim Form in order to be eligible to participate in the Settlement and receive a payment from the Net Settlement Fund.  The Claims Administrator will calculate all Claims in accordance with the Plan of Allocation as proposed by Plaintiffs and approved by the Court, or according to such other plan of allocation the Court approves.

28.     For purposes of determining the extent, if any, to which a Non-Registered Holder Damages Class Member shall be entitled to be treated as an Authorized Recipient, the following conditions shall apply:

(a)     Each Non-Registered Holder Damages Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-3, supported by such documents as are designated therein, including proof of the Claimant's holdings, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Non-Registered Holder Damages Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Non-Registered Holder Damages Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendant Released Parties with respect to any Released Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation approved by the Court the extent, if any, to which each Claim Form shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim Forms the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim Form is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim Form has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim Form cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

29.     Each Damages Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to their Claim, including, but not limited to, the Releases provided for in the Order and Final Judgment or any Alternative Judgment, and the Claim will be subject to investigation and discovery that shall be limited to that Person's status as a Damages Class

Member and the validity and amount of their Claim.  No discovery shall be allowed on the merits of the Litigation or the Settlement in connection with the processing of Claims.

30.     Any Damages Class Member who does not submit such documentation as may be required to become an Authorized Recipient will not be entitled to receive a payment from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Order and Final Judgment or the Alternative Judgment (as applicable) and the Releases provided for herein and therein.

31.     Lead Counsel will apply to the Court, with reasonable notice to Defendant, for a Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of Claims; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the conditions set forth in ¶ 42 below have occurred, directing payment of the Net Settlement Fund to Authorized Recipients.

32.     Payment pursuant to the Distribution Order from the Net Settlement Fund shall be final and conclusive against any and all Class Members.  All Damages Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment or any Alternative Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Released Parties concerning any and all of the Released Claims.

33.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions

of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE ORDER AND FINAL JUDGMENT

34.    If the Settlement contemplated by this Stipulation is approved by the Court, the Parties shall request that the Court enter an Order and Final Judgment, substantially in the form annexed hereto as Exhibit B, including, among other things, the Releases provided for herein.  This Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## WAIVER OR TERMINATION

35.    Simultaneously herewith, Plaintiffs, by and through Lead Counsel, and the Depositary are executing a "Supplemental Agreement" setting forth certain conditions under which the Depositary may terminate the Settlement if potential Class Members who meet certain criteria exclude themselves from the Class. The Parties shall maintain the confidentiality of the Supplemental Agreement as stated therein, and the Supplemental Agreement shall not be filed with the Court, but may be examined in camera, if so requested by the Court (unless otherwise ordered by the Court or required by court rule), provided however, that Defendant may include a redacted copy of the Supplemental Agreement with the notice provided in accordance with CAFA.

36.    Plaintiffs or Defendant shall have the right to terminate the Settlement in its entirety by providing written notice of their election to do so to the other within fourteen (14) calendar days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to enter the Order and Final Judgment in any material respect or an Alternative Judgment with respect to the Settlement; or (iii) the date upon which the Order and Final Judgment or Alternative Judgment is vacated, modified, or reversed in any material respect by a final order of the United States Court of Appeals or the Supreme Court of the United

States.  For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting an application for attorney's fees or Litigation Expenses or plan of allocation.  In the event the Settlement is terminated, the provisions of ¶¶ 17, 18, 20, 36, 37, 38, 42, 44 and 63 shall survive termination.

37.     Except as otherwise provided herein, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, Plaintiffs and Defendant shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation immediately prior to the execution of the Term Sheet on June 26, 2018, and, except as otherwise expressly provided, Plaintiffs and Defendant shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement.

38.     Except as otherwise provided herein, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued thereon, less any Notice and Administration Costs paid, incurred or owing and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to the Depositary (or such other Persons as the Depositary may direct) within twenty (20) days after joint written notification of termination is sent by Lead Counsel and Defendant's Counsel to the Escrow Agent.

## REQUESTS FOR EXCLUSION

39.     Persons requesting exclusion from the Class shall be required to provide the following information to the Claim Administrator: (i) name; (ii) address; (iii) telephone number; (iv) identity (including quantity and dates held) of the securities listed on Appendix 1 owned by such Person and the dividends/cash payments such Person received per eligible security during the relevant time period; and (v) a statement that the person or entity wishes to be excluded from the

Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or the request for exclusion is otherwise accepted by the Court.

40.     Unless otherwise ordered by the Court, any Person who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation. The deadline for submitting requests for exclusion shall be thirty-five (35) calendar days prior to the Settlement Hearing.

41.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion to Defendant's Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request. As part of the submissions in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Defendant's Counsel.

**EFFECTIVE DATE OF SETTLEMENT**

42.     The Effective Date of the Settlement shall be the first date by which all of the following shall have occurred:

(a)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     The Settlement Amount has been paid into the Escrow Account in accordance with the provisions of ¶ 11 above;

(c)     Neither Plaintiffs nor Defendant have exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure and following the period set forth for notice under the Class Action Fairness Act;

(e)     the Court has entered the Order and Final Judgment, substantially in the form annexed hereto as Exhibit B, or entry of any Alternative Judgment; and

(f)     the Order and Final Judgment or any Alternative Judgment has become Final.

43.     Upon the occurrence of all of the events referenced in ¶ 42 above, any and all remaining interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

## NO ADMISSION OF WRONGDOING

44.     Except as provided in ¶ 45 below, this Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to this Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Defendant Released Parties with respect to the truth of any fact alleged by Plaintiffs or any other Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Defendant Released Parties;

(b)      do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Defendant Released Parties, or against Defendant, the Defendant Released Parties, Plaintiffs, or any other member of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c)      do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Defendant Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)      do not constitute, and shall not be construed against Defendant or the other Defendant Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Litigation would not have exceeded the Settlement Amount.

45.      The Released Parties may file or refer to this Stipulation, the Order and Final Judgment or any Alternative Judgment, and/or any Claim Form submitted by a Damages Class Member to effectuate the liability protection granted thereunder, including, without limitation, to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Released Parties may file this Stipulation and/or the Order and Final Judgment or any Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Order and Final Judgment or any Alternative Judgment.  All Released Parties submit to the jurisdiction of the Court for purpose of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

46.     The Parties agree that no Party was or is a "prevailing party" in the Litigation.

47.     All of the exhibits attached to this Stipulation, except any Plan of Allocation, to the extent incorporated in those exhibits, are material and integral parts hereof and are fully incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

48.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all of the Parties (or their successors-in-interest).

49.     The Settlement is not subject to confirmatory discovery.

50.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.     Defendant shall be responsible for service of any notice for which they might be responsible pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, including all costs associated with giving such notice.

52.     Defendant shall also notify Current Holder Class Members of the Additional Settlement Relief described in ¶ 13 on the Depositary's Depositary Receipt Services website (https://www.citiadr.idmanagedsolutions.com).

53.     Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

54.     Defendant warrants that, as to the payments made or to be made by or on behalf of it at the time of entering into this Stipulation and at the time of such payment that it made or caused or will make or cause to be made pursuant to the terms above, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including but not limited to Sections 101 and 547 thereof.  This representation is made by Defendant and not by its counsel.

55.     Plaintiffs shall not request exclusion from the Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Class Member to request exclusion from the Class, or to object to the Settlement.

56.     The Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

57.     Neither this Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of Defendant or the other Defendant Released Parties; or (ii) is or may be

deemed to be or may be used as an admission or evidence of any fault or omission of Defendant or the other Defendant Released Parties in any civil, criminal, or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement, or the Order and Final Judgment or any Alternative Judgment.

58.     The Parties agree that the terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.  Moreover, the Settlement is intended to be a final and complete resolution of the Parties' disputes in the Litigation.  The Parties further agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure.  Accordingly, the Parties agree not to assert any claim under Rule 11, or any similar law, rule, or regulation, that the Litigation was brought or defended in bad faith or without a reasonable basis.

59.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

60.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Stipulation, its exhibits and the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

61.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

62.    The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

63.    Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Plaintiffs or Defendant, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

64.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

65.    Notices required by this Stipulation shall be submitted, unless otherwise provided, either by any form of overnight mail, e-mail, facsimile, or in person to each of the signatories below.

66.    The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and reimbursement of Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

67.    The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

68.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

69.     The Parties agree that once this Stipulation is filed with the Court, any press releases or other statements that might become available to the public by any of the Parties regarding the Litigation or the Settlement, other than disclosures that Defendant and Plaintiffs have been advised are required by law or this Stipulation, or that describe the terms of this Stipulation and its associated submissions, will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated Settlement and that the Parties are satisfied with this resolution.

70.     All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information shall survive this Settlement.

71.     Plaintiffs will not sue or assist any other party to sue the Citi Defendants concerning Conversion in connection with depositary receipts or New York shares.

DATED:   August 20, 2018                    **KESSLER TOPAZ MELTZER & CHECK, LLP**

By:  _Sharan Nirmul_
                    Joseph H. Meltzer
                    Sharan Nirmul
                    Ethan J. Barlieb
                    Jonathan F. Neumann
                    280 King of Prussia Road
                    Radnor, PA 19087
                    Telephone:  (610) 667-7706
                    Facsimile:  (610) 667-7056
                    jmeltzer@ktmc.com
                    snirmul@ktmc.com
                    ebarlieb@ktmc.com
                    jneumann@ktmc.com

                    *Counsel for Plaintiffs*

40

MILBANK, TWEED, HADLEY
& MCCLOY LLP

By: *[signature]*

Daniel M. Perry
Andrew Porter
28 Liberty Street
New York, NY  10005
Telephone:  (212) 530-5000
Facsimile:  (212) 822-5149
DPerry@milbank.com
APorter@milbank.com

*Counsel for Defendant Citibank N.A.*

41

APPENDIX 1

| **Issuer** | **CUSIP** |
| --- | --- |
| ABB Ltd. | 000375204 |
| Advanced Semiconductor Engineering, Inc. | 00756M404 |
| BHP Billiton Ltd | 088606108 |
| British American Tobacco | 110448107 |
| Compania Energetica de Minas Gerais – CEMIG (Preferred) | 204409601 |
| Delhaize Group | 29759W101 |
| Diageo PLC | 25243Q205 |
| GDF Suez (n/k/a Engie) | 36160B105 / 29286D105 |
| Imperial Tobacco Group PLC (n/k/a Imperial Brands plc) | 453142101 / 45262P102 |
| KT Corp.  (f/k/a Korea Telecom Corp.) | 48268K101 |
| Nestle S.A. | 641069406 |
| Nokia | 654902204 |
| POSCO (f/k/a Pohang Iron and Steel Co.) | 693483109 |
| SK Telecom Co., Ltd. (f/k/a Korea Mobile Telecommunications Corp.) | 78440P108 |
| Singapore Telecommunications Ltd. | 82929R304 |
| Taiwan Semiconductor | 874039100 |
| Tata Motors | 876568502 |
| Telefonaktiebolaget LM Ericsson (Ericsson) | 294821608 |
| Telefonica S.A.  (f/k/a Telefonica de Espana  S.A.) | 879382208 |
| Unilever PLC | 904767704 |
| WPP PLC | 92933H101 |