**COURTESY COPY**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, AND B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-09185-CM-KNF<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/4/18 |

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action is pending in this Court captioned *Merryman et al. v. Citigroup, Inc. et al.*, Civil Action No. 1:15-cv-09185-CM-KNF (S.D.N.Y.) (the "Litigation");

WHEREAS, (a) Benjamin Michael Merryman, Amy Whitaker Merryman Trust, and B Merryman and A Merryman 4th Generation Remainder Trust (collectively, "Named Plaintiffs") and Chester County Employees Retirement Fund and Stephen Hildreth ("Proposed Intervenors" and, together with Named Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (as defined below), and (b) Citibank N.A. ("Defendant" or "Depositary") have determined to settle the Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 20, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order that will, among other things, provisionally certify the Class solely for the purpose of effectuating the Settlement, preliminarily approve the Settlement in accordance with the Stipulation, and direct notice of the Settlement to Class Members, as more fully described herein;

WHEREAS, Proposed Intervenors have made a motion seeking permission from the Court to intervene in the Litigation for the purpose of settlement only;

WHEREAS, Defendant does not oppose Plaintiffs' motions;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, as well as Proposed Intervenors' motion to intervene in the Litigation for the purpose of settlement only; (b) the Stipulation and the exhibits attached thereto; and (c) the record in the Litigation, and found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Incorporation of Definitions** – This Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3. **Motion to Intervene** – The Court hereby grants Proposed Intervenors' motion to intervene in the Litigation for the purpose of the Settlement only.

2

4. **Final Approval Hearing** – The Court will hold a settlement hearing ("Final Approval Hearing") on ~~December~~ December 21, 2018 at 10:_ A_.m.[1] in Courtroom 24A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether an Order and Final Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against the Defendant; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) should be approved; and (e) to consider any other matters that properly may be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in ¶ 9 of this Order.

5. The Court may adjourn the Final Approval Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as Plaintiffs and Defendant may agree to, if appropriate, without further notice to the Class.

6. **Provisional Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a class defined as all persons or entities (1) who received cash distributions from the Depositary-sponsored ADRs listed on Appendix 1 to the

---

[1] The Parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 131 days after the date of entry of this Order, so that, among other things, they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. 1715(b), and to allow sufficient time for brokers and nominees to transmit information to the Claims Administrator and beneficial holders.

Stipulation from January 1, 2006 to the date of this Order, inclusive, and who were damaged thereby (the "Damages Class"); and/or (2) who currently own the Depositary-sponsored ADRs listed on Appendix 1 to the Stipulation (the "Current Holder Class" and, together with the Damages Class, the "Class"). The Depositary and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded) are excluded from the Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in the ADRs listed in Appendix 1 to the Stipulation and not to the extent that they have held the ADRs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class. Also excluded from the Class are any persons and entities who or which exclude themselves from the Class by submitting a request for exclusion that is timely made or otherwise accepted by the Court. The provisional certification of the Class shall be vacated if the proposed Settlement is terminated or not approved by the Court, or if for any other reason the Effective Date does not occur.

7. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) the interests of all Class Members are adequately represented by Plaintiffs and Lead Counsel; (e) the issues common to Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and

efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Plaintiffs are appointed as representatives for the Class and Lead Counsel is appointed as counsel for the Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Plaintiffs and other Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

9. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Kurtzman Carson Consultants LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as to process Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by the Claims Administrator, under the supervision of Lead Counsel, as follows:

(a) beginning no later than thirty (30) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 3, respectively (the "Notice Packet"), or a Notice and Validation Letter, substantially in the forms attached hereto as Exhibits 1 and 2, respectively in the case of Registered Holder Damages Class Members,[2] to be

---

[2] Specifically, for Class Members who hold (or held) their eligible ADRs directly and are listed on the records of the Depositary's transfer agent (i.e., Registered Holder Damages Class Members), the Claims Administrator will mail a copy of the Notice, along with a Validation Letter setting forth information regarding the total amount of cash distributions the Class

mailed by first-class mail to Class Members at the addresses set forth in the records of the Depositary's transfer agent or who otherwise may be identified through further reasonable effort;

(b)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be developed for the Settlement (www.CitibankADRSettlement.com), from which copies of the Notice and Claim Form can be downloaded;

(c)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in the national edition of *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)      not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Validation Letter, the Claim Form, and the Summary Notice annexed hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form (or Validation Letter to Registered Holder Damages Class Members) and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is

---

Member received for each eligible ADR they held per year during the relevant time period for purposes of calculating their Claim (as provided in the Depositary's transfer agent records). For Damages Class Members who hold (or held) their eligible ADRs through a bank, broker or other nominee and are not listed on the records of the Depositary's transfer agent (i.e., Non-Registered Holder Damages Class Members), the Claims Administrator will mail a copy of the Notice Packet, and the Non-Registered Holder Damages Class Members will be required to submit a valid Claim Form in order to be eligible to participate in the Settlement and receive a payment from the Net Settlement Fund.

reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, their right to exclude themselves from the Class, the effect of the proposed Settlement (including the Releases to be provided thereunder), Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs), their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.  No Class Member shall be relieved from the terms of the proposed Settlement, including the Releases provided for therein, based solely upon the contention or proof that such Class Member failed to receive adequate or actual notice.

11.     **Nominee Procedures** – Brokers and other nominees who held the ADRs listed in Appendix 1 to the Stipulation from January 1, 2006 to the date of this Order for the benefit of another person or entity shall: (a) within thirty (30) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within thirty (30) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek

reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. **Participation in the Settlement** – Registered Holder Damages Class Members (i.e., Damages Class Members who hold (or held) their eligible ADRs directly and are listed on the records of the Depositary's transfer agent) do not have to take any action in order to participate in the Settlement and be eligible to receive a payment from the Net Settlement Fund. However, Non-Registered Holder Damages Class Members (i.e., Damages Class Members who hold (or held) their eligible ADRs through a bank, broker or other nominee and are not listed on the records of the Depositary's transfer agent) who wish to participate in the Settlement and be eligible to receive a payment from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred fifty (150) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to Authorized Recipients. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

13. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the ADRs held and the cash distributions received as a result of such holdings reported therein, in the form of broker year-end account statements, an authorized statement from the broker containing the information regarding your cash distributions that would be found in a year-end account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.  Any Non-Registered Holder Damages Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Litigation relating thereto, including, without limitation, the Order and Final Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Defendant Released Parties, as more fully described in the Stipulation and Notice; and (e) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Unaffiliated Conversion Providers and any Issuer, as well as their respective affiliates, officers, directors and

employees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 12 above.

15. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice ("Request for Exclusion"), which shall provide that: (a) any such Request for Exclusion from the Class must be mailed or delivered such that it is received no later than thirty-five (35) calendar days prior to the Final Approval Hearing, to: *Citibank ADR Settlement*, EXCLUSIONS, c/o KCC Class Action Services, 3301 Kerner Boulevard, San Rafael, CA 94901, and (b) each Request for Exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Merryman et al. v. Citigroup, Inc. et al.*, 15-cv-09185-CM-KNF"; (iii) identify (including quantity and dates held) the ADRs listed on Appendix 1 to the Stipulation owned by such person or entity and the cash distributions such person or entity received per eligible ADR during the relevant time period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16. Any person or entity who or which timely and validly requests exclusion from the Class in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation and shall not receive any payment out of the Net Settlement Fund.

17. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Litigation, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Defendant Released Parties, as more fully described in the Stipulation and Notice; and (e) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Unaffiliated Conversion Providers and any Issuer, as well as their respective affiliates, officers, directors and employees, as more fully described in the Stipulation and Notice.

18. **Appearance at Final Approval Hearing and Objections** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendant's Counsel, at the addresses set forth in ¶ 19 below, such that it is received no later than thirty-five (35) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

19. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead

11

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendant's Counsel at the addresses set forth below such that they are received no later than thirty-five (35) calendar days prior to the Final Approval Hearing.

| **Lead Counsel** | **Defendant's Counsel** |
|---|---|
| Sharan Nirmul, Esq.<br>Kessler Topaz Meltzer<br>& Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Daniel M. Perry, Esq.<br>Milbank, Tweed, Hadley<br>& McCloy LLP<br>28 Liberty Street<br>New York, NY 10005 |

20. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents that identify (including quantity and dates held) the ADRs listed on Appendix 1 to the Stipulation owned by such objecting Class Member in order to prove membership in the Class. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the

identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all members of the Class from prosecuting any and all of the Released Claims against any of the Defendant Released Parties.

23.     **Notice and Administration Costs** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the Class Members and Defendant, and Plaintiffs and Defendant shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation immediately prior to the execution of the Term Sheet on June 26, 2018, as provided in the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid, incurred or owing and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to the Depositary (or such other Persons as the Depositary may direct) in accordance with the Stipulation.

27. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), nor any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with the settlement negotiations, proceedings,

or agreements, shall be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Defendant Released Parties with respect to the truth of any fact alleged by Plaintiffs or any other Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Defendant Released Parties;

(b) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Defendant Released Parties, or against Defendant, the Defendant Released Parties, Plaintiffs, or any other member of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Defendant Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendant or the other Defendant Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Litigation would not have exceeded the Settlement Amount.

28. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) no later than forty-nine (49) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

29. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this ____4____ day of __September__, 2018.

_____
The Honorable Colleen McMahon
United States District Judge