UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, AND B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-09185-CM-KNF  |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a class action is pending in this Court captioned *Merryman et al. v. Citigroup, Inc. et al.*, Civil Action No. 1:15-cv-09185-CM-KNF (S.D.N.Y.) (the "Litigation");

WHEREAS, (a) Benjamin Michael Merryman, Amy Whitaker Merryman Trust, and B Merryman and A Merryman 4th Generation Remainder Trust (collectively, "Named Plaintiffs") and Chester County Employees Retirement Fund and Stephen Hildreth ("Proposed Intervenors" and, together with Named Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (as defined below), and (b) Citibank N.A. ("Defendant" or "Depositary") have determined to settle the Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 20, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Litigation against Defendant on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated September 4, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) approved Proposed Intervenors' motion to intervene in the Litigation for purposes of the Settlement only; (c) provisionally certified the Class solely for the purpose of effectuating the Settlement; (d) directed that notice of the proposed Settlement be provided to Class Members; (e) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the Settlement; and (f) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, by Order dated February 14, 2019, this Court approved certain modifications to the notice plan and the schedule for approval of the Settlement (the "Notice Modification Order");

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on July 12, 2019 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 20, 2018; and (b) the Notice, Postcard Notice, Banner Ads and Publication Notice, all of which were filed with the Court on May 24, 2019.

3. **Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Litigation as a class action on behalf of a Class defined as all persons or entities (1) who received cash distributions from the Depositary-sponsored ADRs listed on Appendix 1 to the Stipulation from January 1, 2006 to September 4, 2018, inclusive, and who were damaged thereby (the "Damages Class"); and/or (2) who currently own the Depositary-sponsored ADRs listed on Appendix 1 to the Stipulation (the "Current Holder Class" and, together with the Damages Class, the "Class"). The Depositary and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded) are excluded from the Class only to the extent that such persons or entities had a proprietary (i.e., for their own account) interest in the ADRs listed in Appendix 1 to the Stipulation and not to the extent that they have held the ADRs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class. Also excluded from the Class are any persons and entities

who or which exclude themselves from the Class by submitting a request for exclusion that is accepted by the Court, as listed on the attached Exhibit 1.

4. Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Class for purposes of Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, the publication of the Summary Notice and the service of the banner ads: (a) were implemented in accordance with the Preliminary Approval Order and Notice Modification Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) their right to exclude themselves from the Class; (iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs); (v) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6. **CAFA and Additional Notice by Defendant** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Litigation, have been satisfied. In addition, Defendant shall fulfill its requirement pursuant to the Stipulation of providing notice of the Additional Settlement Relief described in ¶ 13 of the Stipulation on the Depositary's Depositary Receipt Services website (https://www.citiadr.idmanagedsolutions.com/).

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Litigation is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Defendant, Plaintiffs and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, or objected to the Settlement), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Final Judgment.

10. **Releases** – The Releases set forth in ¶¶ 7, 8 and 9 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Plaintiffs and each member of the Class, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against any of the Defendant Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Defendant Released Parties. All Class Members shall be bound by the terms of the Releases set forth in the Stipulation whether or not they obtain a recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

(b) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Plaintiffs and each member of the Class, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Unaffiliated Conversion Providers and any Issuer (as those terms are defined in ¶ 13(a), (d) of the Stipulation), as well as their respective affiliates, officers, directors

and employees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Unaffiliated Conversion Providers and any Issuer, as well as their respective affiliates, officers, directors and employees. All Class Members shall be bound by the terms of the Releases set forth in the Stipulation whether or not they obtain a recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

(c) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Defendant shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Plaintiff Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff Released Parties.

11. Notwithstanding ¶ 10(a) – (c) above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

13. **No Admissions** – Except as set forth in the Stipulation and in ¶ 14 below, neither this Order and Final Judgment and/or the Stipulation (whether or not consummated), nor any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any

matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Defendant Released Parties with respect to the truth of any fact alleged by Plaintiffs or any other Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Defendant Released Parties;

(b) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Defendant Released Parties, or against Defendant, the Defendant Released Parties, Plaintiffs, or any other member of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c) do not constitute, and shall not be offered or received against Defendant or the other Defendant Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Defendant Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendant or the other Defendant Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Litigation would not have exceeded the Settlement Amount.

14. The Released Parties, however, may file or refer to the Stipulation, this Order and Final Judgment, and/or any Claim submitted by a Class Member to effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Order and Final Judgment. All Released Parties submit to the jurisdiction of the Court for purpose of implementing and enforcing the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Litigation that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve

distribution of the Net Settlement Fund to Authorized Recipients; and (f) the Class Members for all matters relating to the Litigation.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Plaintiffs, Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation immediately prior to the execution of the Term Sheet on June 26, 2018, as provided in the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid, incurred or owing and less any

Taxes and Tax Expenses paid, incurred or owing, shall be refunded to the Depositary (or such other Persons as the Depositary may direct) in accordance with the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___12___ day of ___July___, 2019.

_____
The Honorable Colleen McMahon
United States District Judge

## Exhibit 1

### List of Persons and Entities Excluded from the Class Pursuant to Request

1. Mary Ann Black
   New Orleans, LA

2. Joseph N. & Lois Jeanne Carinci
   Damascus, MD

3. James A. Davenport
   Midlothian, VA

4. Colemon O. Easom
   Lake, MS

5. Carole B. Embry
   Atlanta, GA

6. Erin Colleen Flanagan
   East Dennis, MA

7. James A. Flanagan
   East Dennis, MA

8. Ana C. Florez
   Sunnyvale, CA

9. Marilyn M. & Ernest C. Francis
   Treadwell, NY

10. William C. Franklin
    Iowa Park, TX

11. Bruce J. & Joyce F. Genrich
    Marinette, WI

12. Diane H. Halasz
    Easton, PA

13. Jane A. & Paul A. Jesus
    Jane A. Jesus Tr Ua 26-Sep-02
    Hayward, CA

14. Constance Lenore &
    Richard Allen Johnson
    Port Republic, NJ

15. Ethel Mae & Jesse O. Kinkade
    Eugene, OR

16. Richard Knudsen,
    Richard Knudsen Living Trust
    Oak Lawn, IL

17. Michele Konert Goggans &
    Sarah K. Konert
    Fort Smith, AR

18. Paul S. Kring
    Point Blank TX

19. Geraldine Lagoon
    Camano Island, WA

20. Carlton & Joan Leach
    Westbrook, ME

21. Peter W. Legere
    Sullivan, ME

22. Martha R. McKnight
    South Fulton, TN

23. Bettie B. Miller, Trust UA
    Bettie B. Miller Trust 12-22-94
    Redding, CA

24. Brian R. & Catherine N. Pabst
    Baldwin, MD

25. Janet L. & Steven W. Smith
    Dayton, VA

26. Janet L. Smith
    Dayton, VA

27. Steven W. Smith
    Dayton, VA

28. Robert C. Stewart
    Astatula, FL

29. Frank J. Sticha & George J. Sticha
    Maywood, IL

30. Richard E. & Rona ES Von Mering
    Pine Bush, NY

31. James W. & Ruth E. Wainwright
    Webster Groves, MO

32. John Charles Watson
    Parkersburg, WV

33. Alex H. Yoo
    New York, NY

34. Myer Heicklen
    Raleigh, NC